The document below is hereby signed.  Dated: May 21, 2012.



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
CYRANO EDWARD WILSON,              )    Case No. 10-00918
                                   )    (Chapter 7)
           Debtor.                 )    Not for Publication in
                                   )    West's Bankruptcy Reporter

```
                      MEMORANDUM DECISION RE
             TRUSTEE'S MOTION FOR CIVIL CONTEMPT ORDER
 SURCHARGING ATTORNEYS' FEES, COSTS AND COMMISSION FROM DEBTOR'S
 EXEMPTION AND ATTORNEYS' FEES AND COSTS FROM CO-OWNER'S INTEREST
```

The court will grant in part the trustee's unopposed Motion for Civil Contempt Order Surcharging Attorneys' Fees, Costs and Commission from Debtor's Exemption and Attorneys' Fees and Costs from Co-owner's Interest (Dkt. No. 60).  The trustee has attempted to sell the debtor's and a co-owner's real property, and has been obstructed and delayed from doing so by willful disobedience and deliberate frustration by those parties of orders of this court designed to facilitate the sale.  The trustee has shown civil contempt.

                                   I

Upon the trustee's selling the exempt interest of the debtor as well as the non-exempt interest belonging to the

estate, it is only fair that the damages arising from the debtor's civil contempt be borne by the debtor's exempt interest as a cost of realizing proceeds for that exempt interest.  By adding to the costs of disposition of his exempt interest, via joining with his co-owner in flagrantly disobeying orders of this court, the debtor's misconduct has resulted in a forfeiture of his right to claim, and estops him from claiming, that his exempt interest in the asset being sold ought not bear any of the cost of disposition by reason of 11 U.S.C. § 522(k), and requires that one-half of the added costs be borne by the debtor's exempt interest.  *See Marve v. Frank (In re Marve)*, 43 F. App'x 943 (6th Cir. 2002); *In re Stinson*, 221 B.R. 726 (Bankr. E.D. Mich. 1998); *In re Swanson*, 207 B.R. 76, 81 (Bankr. D.N.J. 1997) (trustee allowed to subtract administrative expenses incurred because of debtors' recalcitrance from exempt proceeds of sale that trustee held).

A recent illustration of this approach is *In re Vaughn*, 2008 WL 7880893 (Bankr. N.D. Ga. Nov. 25, 2008).  The court there denied an exemption in assets that were scheduled but that the debtor then concealed, adding to trustee's costs of disposing of the assets.  The court concluded that there is no principled basis upon which to distinguish such conduct from cases in which the court does not allow a debtor to claim exemptions in initially concealed assets, citing *Doan v. Hudgins (In re Doan)*,

672 F.2d 831, 833 (11th Cir. 1982) ("concealment of an asset will bar exemption of that asset"); *In re Yonikus*, 996 F.2d 866, 873 (7th Cir. 1993) (same).

    This is a case of reducing the debtor's distribution out of the proceeds of property, via denying the debtor's exemption right with respect to the property to the extent of the costs of disposing of that property added by the debtor's misconduct.  It is more like recoupment arising out the same transaction than it is setoff.  As in *In re Vaughn,* this case is thus distinguishable from cases in which the trustee seeks a setoff of losses suffered by the estate, by reason of debtor misconduct, with respect to one asset against other exempt assets.  Compare *Latman v. Burdette*, 366 F.3d 774, 785 (9th Cir. 2004) (surcharge setoff allowed), with *Scrivner v. Mashburn (In re Scrivner)*, 535 F.3d 1258, 1265 (10th Cir. 2008) (surcharge setoff not allowed).

    One-half of the added cost of disposition arising from his misconduct ought to be assessed against his interest in the property, and the other half should be assessed against the co-owner who joined in that misconduct.

II

    The trustee also requests that his commission be surcharged against the amount the debtor claimed exempt.  The trustee does not allege that, beyond the added costs addressed in part I, above, the estate suffered a loss.  Accordingly, I do not believe

3

it appropriate to surcharge the debtor's exemption for the trustee's commission. I will deny the request for such relief without prejudice. The trustee may file an amended motion that points to any loss beyond the added costs arising from misconduct that are addressed in part I, above. For example, the trustee does not point to any insurance expense incurred by reason of the debtor delaying the sale. *See In re Marve*, 43 F. App'x at 945 (addressing added "carrying costs" incurred by the estate by reason of delay).

III

An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Mr. Anthony Wilson
1047 48th St. NE
Washington, DC 20019

Mr. Anthony Wilson
1029 48th Street, NE, Apt. 301
Washington, DC 20019-3919

Mr. Cyrano Edward Wilson
121 Rock Creek Church Road, NW
Washington, D.C. 20011

Mr. Cyrano Edward Wilson
1047 48th St. NE
Washington, DC 20019

NCO Portfolio Management
c/o/ Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

4