**The document below is hereby signed.**
**Dated: July 18, 2012.**

_S. Martin Teel Jr._

**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CYRANO EDWARD WILSON, | ) | Case No. 10-00918 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND INTERIM
ORDER RE TRUSTEE'S FIRST AND FINAL
APPLICATION FOR APPROVAL OF COMPENSATION FOR TRUSTEE'S COUNSEL

The trustee sold property owned by the debtor and a co-owner.  The trustee's *First and Final Application for Approval of Compensation for Trustee's Counsel* seeks $13,705.43 in fees and expenses, and includes a request to surcharge $11,525.00 of the fees and expenses against the debtor's $11,525.00 exemption of the sale proceeds.  The order addressing the trustee's *Motion for Civil Contempt Order Surcharging Attorneys' Fees, Costs and Commission from Debtor's Exemption and Attorneys' Fees and Costs From Co-Owner's Interest* provided that it was:

> ORDERED that as a result of the debtor's contempt, the Trustee is authorized to surcharge the Trustee's costs and attorneys' fees (minus those costs and attorneys' fees charged against the co-owner) incurred in this proceeding against the debtor's $11,525.00 exemption in the Property; and it is

ORDERED that the Trustee is authorized and directed to hold the entire amount of the debtor's exemption in the sale proceeds in escrow pending Court approval of the attorneys' fees and costs[.]

The *Memorandum Decision* leading to that order recited that:

One-half of the added cost of disposition arising from [the debtor's] misconduct ought to be assessed against his interest in the property, and the other half should be assessed against the co-owner who joined in that misconduct.

In that light, the order's reference to "the Trustee's costs and attorneys' fees (minus those costs and attorneys' fees charged against the co-owner) incurred in this proceeding" must be read as referring to the added costs and attorneys' fees occasioned by the contempt.

The added costs occasioned by the contempt were quantified by the contempt motion as standing at $3,054.00 as of the time of the filing of the contempt motion, with one-half of that withheld from the co-owner, and with the debtor to shoulder the remaining one-half.  The trustee's more recently filed application for fees and expenses of his attorneys includes time entries, not included in the contempt motion, showing additional fees and expenses incurred, because of the debtor's and the co-owner's contempt,

amounting to $3,753.00.[1]  Adding that to the $1,527.00 previously
determined to be owed by the debtor from the exempt proceeds
increases to $5,280.00 the added expenses arising from contempt
for which the debtor's $11,525.00 exemption may be surcharged.
The exemption ought not be surcharged for attorneys' fees and
expenses not arising from the debtor's contempt.  Section 522(k)
of the Bankruptcy Code clearly and unambiguously provides that
"[p]roperty that the debtor exempts under this section is not
liable for payment of any administrative expense" with statutory
exceptions of no applicability here.  *See In re Eads,* 307 B.R.
219, 223 (Bankr. W.D. Mo. 2004); *Scott v. United States Trustee*

---

[1]  This consists of the following time entries:

| 04/18/12 | $379.50 |
|----------|---------|
| 04/20/12 | $172.50 |
| 04/20/12 | $427.50 |
| 04/21/12 | $370.50 |
| 04/23/12 | $241.50 |
| 04/23/12 | $1,795.50 |
| 04/24/12 | $171.00 |
| 04/25/12 | $57.00 |
| 05/21/12 | 138.00 |
| Total | $3,753.00 |

The additional fees and expenses are attributable to the debtor's
refusal to cooperate.  If the debtor had cooperated, the trustee
would not have incurred added expense if the co-owner had refused
to cooperate: for the sale effort to be frustrated, both the
debtor and the co-owner had to block the sale effort.  Thus, I
have included fees for work aimed at charging fees to the
co-owner.  The trustee already distributed to the co-owner his
one-half of the sale proceeds (less $1,527.00 in contempt
damages).  Accordingly, the debtor's exemption amount is the only
remaining portion of the sales proceeds from which contempt
damages can be collected.

3

*(In re Allen)*, 203 B.R. 925, 930 (W.D. Va. 1997), *aff'd*, 133 F.3d 917 (4th Cir. 1997) (unpublished table decision); *In re Turner*, 190 B.R. 836, 841 (Bankr. S.D. Ohio 1996); *In re Duby*, 98 B.R. 126, 127 (Bankr. D.R.I. 1989); *Waldschmidt v. Comm'r of Internal Revenue Serv. (In re Lambdin)*, 33 B.R. 11, 12 (Bankr. M.D. Tenn. 1983). Although contempt damages arising from a refusal to cooperate with the court's orders regarding facilitating a sale are chargeable against the debtor's exempt interest in the sold asset, that is not a license to surcharge other attorneys' fees and expenses of the trustee against the debtor's exempt interest.

In light of the foregoing, it is

ORDERED that within 21 days after entry of this order, the trustee shall show cause why the court ought not limit the surcharge of the debtor's exemption to $5,280.00.

[Signed and dated above.]

Copies to: Recipients of e-notification;

Mr. Cyrano Edward Wilson
121 Rock Creek Church Road, NW
Washington, D.C. 20011

Mr. Cyrano Edward Wilson
1047 48th St. NE
Washington, DC 20019