**The document below is hereby signed.**

**Dated: October 1, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
CYRANO EDWARD WILSON,         )   Case No. 10-00918
                              )   (Chapter 7)
            Debtor.           )
                              )   Not for publication in
                              )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION RE TRUSTEE'S RESPONSE REGARDING THE
COURT'S MEMORANDUM DECISION AND INTERIM ORDER RE TRUSTEE'S
<u>APPLICATION FOR APPROVAL OF COMPENSATION FOR TRUSTEE'S COUNSEL</u>

The trustee has filed a response to the court's *Memorandum Decision and Interim Order Re Trustee's First and Final Application for Approval of Compensation for Trustee's Counsel*. In that memorandum decision, the court ordered the trustee to show cause why the court ought not limit the surcharge of the debtor's exemption to $5,280.00, the amount identified by the court as the added counsel's fees and costs arising from the debtor's and the co-owner's contempt. For the reasons that follow, I will allow the trustee to surcharge an additional $3,460.75 against the debtor's exemption.

I

The trustee requests that the court allow an additional

$4,407.43 in fees and expenses to be charged against the debtor's exemption, for a total of $9,687.43.  The trustee asserts that these additional fees and expenses resulted from the debtor's failure to cooperate and therefore are properly charged against the debtor's exemption.  The trustee explains that he did not seek these fees and expenses in the previous civil contempt motion because they relate only to the debtor's, not the co-owner's, failure to cooperate.

II

The trustee seeks fees and expenses stemming from his efforts at the beginning of the case to ascertain the debtor's interest in the Property.  However, this court previously clarified that only "the added costs and attorneys' fees *occasioned by the contempt*" are to be surcharged against the debtor's exemption.  *Memorandum Decision and Interim Order* (Dkt. No. 76, signed July 18, 2012) (emphasis added).  The *Trustee's Motion for Civil Contempt Order* (Dkt. No. 60) set forth as grounds for contempt the debtor's failure to comply with four court orders: the court's Rule 2004 Examination Order (Dkt. No. 40, signed Apr. 13, 2011), the court's Order Compelling Cooperation (Dkt. No. 48, signed Oct. 31, 2011), the court's U.S. Marshal Order (Dkt. No. 53, signed Jan. 5, 2012), and the court's Order Granting Motion for Default Judgment (and the corresponding default judgment) (entered July 19, 2011, Adv. Proc. No.

11-10020).

In seeking fees and expenses incurred prior to the debtor's noncompliance with a court order, the trustee appears to assert that the damages occasioned by the debtor's contempt extend to expenses related to the trustee's unsuccessful attempts to determine the debtor's ownership interest in the Property.[1] However, because these costs and fees arose before the debtor disobeyed any court order, it cannot be said that these costs and fees were occasioned by the debtor's contempt. Therefore, the court does not deem it appropriate to award such expenses. Accordingly, $201 of the fees requested by the trustee will not be allowed.[2]

### III

Likewise, the trustee may not recover fees and expenses related to preparing the Rule 2004 motion and preparing for the Rule 2004 examination.

It is not appropriate to award the fees for preparing the

---

[1] To the extent the trustee is arguing that the debtor's contempt includes the debtor's lack of cooperation with the trustee prior to the court's entering the Rule 2004 Order, that argument fails because the trustee did not give notice that the debtor's lack of cooperation with the trustee from the outset of the case was a basis for contempt in his *Motion for Civil Contempt* (Dkt. No. 60).

[2] The fees not allowed are as follows:
    1/24/2011    $67.00
    2/03/2011  $100.50
    2/14/2011    $33.50
                      **$201.00**

Rule 2004 motion because they were not caused by the debtor's failure to obey a court order.  The debtor's failure to comply with the court's Rule 2004 Order is similar to the case where a party fails to obey an order to provide or permit discovery, or fails to appear for a deposition, and the court awards sanctions under Fed. R. Civ. P. 37.  Such sanctions must include "the reasonable expenses, including attorney's fees, *caused by the failure*" of the party to comply or to appear, "unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C), 37(d)(3) (emphasis added).

The fees for preparing the Rule 2004 motion arose prior to the court's Rule 2004 Order and these fees would have been incurred even if the debtor had complied with that Order.  Consequently, these fees were not caused by the debtor's disobedience and should not be allowed.  *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002)(denying award of fees incurred for the underlying discovery requests because they were not caused by any failure to comply with discovery, and would have been incurred whether or not there had been a discovery dispute); *Liew v. Breen*, 640 F.2d 1046, 1051 (9th Cir. 1981)(concluding that it was not proper to award attorney's fees incurred "to obtain a court order" because those attorney's fees were not "incurred on account of [the party's] failure to obey an

4

order"); *In re Gulf N. Transp., Inc.*, 289 B.R. 452, 456 (Bankr. M.D. Fla. 2003) ("The Court will not include the . . . the fees and costs incurred in connection with preparing, issuing, and serving the Subpoenas and the . . . fees associated with the time expended on or before [the return date for the Subpoenas] in the sanctions award because they were not caused by the discovery violation."); *Ray v. Univ. of Tulsa (In re Ray)*, 283 B.R. 70, 85 (Bankr. N.D. Okla. 2002) (applying Rule 37(b)(2)).

    Along the same lines, the fees associated with preparing for the Rule 2004 examination were incurred prior to the debtor's failure to obey the Rule 2004 Order and, as a result, these fees were not caused by the debtor's disobedience. *See Genoa Nat'l Bank v. Odette*, 2012 WL 1079151, at *3 (D. Neb. Mar. 30, 2012) (disallowing expenses incurred in preparing for and attending a deposition at which the party to be deposed failed to appear); *Makohoniuk v. Cent. Credit Servs., Inc.*, 2010 WL 3633862, at *1 (S.D. Iowa Sept. 8, 2010) (attorney's fees expended in preparing a notice of deposition and scheduling the deposition were not compensable because "[t]hese events predate Plaintiffs' failure to attend the deposition and thus cannot logically be caused by the failure."); *Greenleaf Compaction, Inc. v. Able Waste, LLC*, 2011 WL 5546268, at *2 (M.D. La. Nov. 14, 2011) ("[A]ny costs or attorneys' fees claimed in preparation for the deposition are not recoverable.").

5

Nevertheless, the fees and expenses incurred at the Rule 2004 examination were caused by the debtor's failure to appear and to comply with the Rule 2004 Order and thus should be awarded.  *See Makohoniuk*, 2010 WL 3633862, at *2 ("Costs and fees associated with making a record at the aborted deposition, including the cost of the court reporter . . . are recoverable.").

Consequently, the court will not allow $684.00 of the additional fees requested.[3]

IV

Finally, the court will not allow $61.68 of the requested additional fees and expenses, due to an error.  The trustee requests $63.60 in postage for August 26, 2011.  However, the actual time records and expenses indicate that the postage cost on August 26, 2011 was $1.92.  *See* Exhibit A, at 13 (Dkt. No. 78).  The $63.60 was the charge for 318 copies on April 10, 2012.

---

[3]   The fees not allowed are as follows:
    3/24/2011   $55.00
    3/25/2011   $220.00
    4/11/2011   $33.50
    4/12/2011   $220.00
    4/20/2011   $27.50
    4/26/2011   $27.50
    4/28/2011   $100.50
               **$684.00**

V

As a result, the court will grant an additional $3,460.75 (for a total of $8,740.75) to be charged against the debtor's exemption as costs and attorneys' fees incurred because of the debtor's contempt.[4]  An order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders;

Mr. Cyrano Edward Wilson
121 Rock Creek Church Road, NW
Washington, D.C. 20011

Mr. Cyrano Edward Wilson
1047 48th St. NE
Washington, DC 20019

---

[4]  Of the additional amount requested by the trustee, $946.68 is not allowed ($201.00 + $684 + $61.68).  The trustee requested an additional $4,407.43.  Therefore, the additional amount allowed is $3,460.75 ($4,407.43 - $946.68).

7

R:\Common\TeelMW\MMC\Decisions\Cyrano Edward Wilson\Order Re Trustee's First and Final Application for Approval of Compensation v4.wpd